Oscar Pagán Rosell, demandante y apelante, *v.* La Sucesión de Juan Rivera Vélez, demandada y apelada.

No. 4507.—*Visto:* Junio 21, 1928. *Resuelto:* Julio 2?, 1928.

*José Sabater*, abogado del apelante; *Oscar Souffront*, abogado de la apelada.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

El demandante y apelante Oscar Pagán y Rosell ha alegado en su demanda que por escritura de 15 de noviembre de 1926 compró a don Juan Rivera Vélez y su esposa, una finca rústica, de cabida de 75 cuerdas o 29 hectáreas, 47 áreas y 79 centiáreas, en los barrios de Mayagüez Arriba y Quemado, término de Mayagüez, en precio de $7,000, tomando posesión de la finca; y que un mes antes de la presentación de su demanda, "Volteando dicha finca encontró el demandante que en ella se había instalado una tubería para el acueducto del municipio de Mayagüez, en una parte de la finca de una extensión de 1080 metros cuadrados, o sea 270 metros de longitud por cuatro de ancho, ocupando una parcela de la finca del demandante que colinda al Norte y Sur con el río Yagüez, y al Este y Oeste con el resto de la finca''; que quiso disponer la siembra en dicha parcela, pero un celador del Municipio de Mayagüez le prohibió que sembrara, manifestándole que el dicho municipio había adquirido el uso del terreno por concesión del anterior dueño, siendo ésa la primera noticia que de tal concesión tuvo el demandante; que al requerir éste al municipio para que levantara la tubería, se le presentó por el requerido la primera copia de escritura otorgada por Juan Rivera Vélez concediendo al Municipio de Mayagüez el perfecto uso del terreno para instalación de la tubería del acueducto municipal, mediante precio pagado. Alegó que cuando le fué vendida la finca, el vendedor no mencionó en la escritura que existiera tal gravamen, ni dió aviso al comprador de que hubiera esa servidumbre, y por el contrario, en la escritura se hizo constar que la finca se hallaba libre de cargas. Alegó también que fallecido el vendedor Juan Rivera y Vélez le han sucedido los ahora deman-

dados como sus herederos. Alegó que la servidumbre a favor del municipio no está inscrita en el registro, y el demandante no tuvo conocimiento de la misma hasta un mes antes de entablar su demanda; que la servidumbre disminuye el valor de la finca comprada, por inutilizar para la siembra y explotación la parte ocupada; calculando los daños .en mil dólares. Y pidió que se dictara sentencia condenando a los demandados a pagar al demandante mil dólares, con las costas.

A la demanda se opuso por los demandados la excepción previa de falta de hechos suficientes para determinar causa de acción. Argumentada tal excepción, la corte dictó sentencia en el caso, después de declarar sin lugar aquélla, y declarando que no cabía enmendar la demanda.

Contra esa sentencia se ha interpuesto la presente apelación, señalándose por el apelante como único error de la corte el de declarar que la demanda no aduce hechos suficientes para determinar causa de acción.

Encontramos que, en realidad, y cualquiera que fuera la interpretación que ahora quiera darse a la demanda, ella se dirige a ejercitar la acción creada por el artículo 1386 del Código Civil de Puerto Rico. El texto de este precepto es como sigue:

"Art. 1386.—Si la finca vendida estuviese gravada, sin mencionarlo la escritura, con alguna carga o servidumbre no aparente, de tal naturaleza que deba presumirse no la habría adquirido el comprador si la hubiera conocido, podrá pedir la rescisión del contrato, a no ser que prefiera la indemnización correspondiente.

"Durante un año a contar desde el otorgamiento de la escritura, podrá el comprador ejercitar la acción rescisoria, o solicitar la indemnización. Transcurrido el año, sólo podrá reclamar la indemnización dentro de un período igual, a contar desde el día en que haya descubierto la carga o servidumbre."

Es evidente que, siendo éste un precepto que prevé casos especialísimos, se requiere, para que se pueda ejercitar la acción que en él se establece, que se den todas y cada una

de las condiciones que·a tal acción dan origen y vida. Es
preciso que la finca vendida esté gravada con una servidumbre
o carga, no aparente, y que de ella no se haya hecho men·
ción en la escritura; esto, como materia de hecho, como
elemento objetivo. Y es también preciso que ''deba presu-
mirse''.que el comprador no la hubiera adquirido, de conocer
la existencia de tal carga o servidumbre; esto como una
derivación, más o menos próxima, de lo declarado por el
Código Civil, en el artículo 1233, que dice:

''Art. 1233.—Para que el error invalide el consentimiento, de-
berá recaer sobre la sustancia de la cosa que fuere objeto del con-
trato, o sobre aquellas condiciones de la misma que principalmente
hubiesen dado motivo a celebrarlo.''

''El error sobre la persona sólo invalidará el contrato cuando la
consideración a ella hubiere sido la causa principal del mismo.

''El simple error de cuenta sólo dará lugar a su corrección.''

De la demanda no aparecen esos extremos necesarios.
La servidumbre de que se habla, por lo que de las alega-
ciones resulta, es una servidumbre aparente, como lo es en
la mayoría de los casos la de acueducto; el demandante la
observó cuando fué a voltear la finca, en época que se ignora,
porque del récord no aparece la fecha de la demanda ni la
de su presentación, a las que se alude en la alegación en que
se dice cuándo vió el demandante los signos de servidumbre;
pero sí que volteó la finca después de la compra. Siendo la
servidumbre aparente, esta misma calidad le da el carácter
de publicidad necesario para que su inscripción no sea abso-
lutamente indispensable, ya que es conocida por razón de su
misma apariencia. Véanse a este propósito, las Sentencias
del Tribunal Supremo de España de 11 de enero de 1895, 23
de marzo de 1906, y 5 de abril de 1898. La doctrina legal
de esas sentencias, y otras que cita el comentarista Sr. Morell,
al tratar en el tomo segundo de su obra sobre legislación
hipotecaria, del artículo 23 de la Ley Hipotecaria de España,
es que no tiene la calidad de tercero el que adquiere bienes
legítimamente gravados con una servidumbre respecto de

cuya existencia, por revelarse por signos ostensibles e indubitados, no puede dudarse, aunque tal servidumbre no estuviera inscrita en el registro.

Al ejercitarse una acción de esta clase, deben establecerse, de hecho, los extremos necesarios para que ella se encuentre dentro del artículo 1386 del Código Civil: servidumbre no aparente, falta de manifestación, circunstancia de que, de haberse conocido el gravamen el comprador no habría adquirido la finca. Y esto no se ha hecho en la demanda de que se trata.

La excepción previa fué correctamente resuelta por la corte de distrito.

*Debe confirmarse la sentencia apelada.*